UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CARLOS REYNA, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Civ. Case No.: |
| v. ) ) | COLLECTIVE ACTION COMPLAINT |
| INTERNATIONAL BANK OF COMMERCE, ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff Carlos Reyna ("Plaintiff" or "Plaintiff Reyna"), individually and on behalf of all other similarly situated individuals, by and through undersigned counsel, states the following:

**INTRODUCTION**

1. Plaintiff, a former Bank Teller employed by Defendant International Bank of Commerce ("Defendant" or "IBC"), brings this action for unpaid overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for work performed in excess of forty (40) hours during one or more workweeks for which he and other similarly situated individuals did not receive premium overtime pay at a rate of not less than one and one-half times their regular rate of pay.

1

**JURISDICTION AND VENUE**

2.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims pursuant to 28 U.S.C. § 1331, because this action is brought under federal law, the FLSA, 29 U.S.C. § 201, *et seq.*

3.    Venue is proper in the United States District Court, Southern District of Texas pursuant to 28 U.S.C. § 1391, because Defendant operates facilities in this District and because a substantial part of the events giving rise to the claims occurred in this District.

**PARTIES**

*Plaintiff*

4.    Plaintiff Carlos Reyna is an adult resident of Kingsville, Texas. From approximately July 2012 to August 2013, Plaintiff was employed as a Bank Teller by IBC at several branch locations in Texas and paid approximately $7.69 an hour upon hiring.

5.    Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b), and his Consent to Join this action is attached as *Exhibit A*.

*Defendant*

6.    IBC is a Texas corporation with its corporate headquarters located in Laredo, Texas.

7.    IBC operates 212 branch locations in Texas and Oklahoma. *See* *https://www.ibc.com/en-us/Pages/BranchLocator.aspx* (Last visited July 10, 2015).

8. IBC has assets in excess of $12.1 billion. *See https://www.ibc.com/en-us/AboutUs/Pages/Default.aspx* (Last visited July 10, 2015).

9. IBC operates in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s) by, among other things, offering a wide range of personal and business banking services and financial products to consumers.

10. Upon information and belief, at all times relevant, IBC's annual gross sales made or business done have been in excess of $500,000.

## FACTUAL ALLEGATIONS

11. Plaintiff and the similarly situated individuals were, or are, employed by IBC as Bank Tellers, or other job titles performing similar job duties.

12. The primary job duties of IBC's Bank Tellers is to cash checks, accept deposits, process withdrawals, order and distribute cash, and provide cashier's checks and money orders.

13. IBC classified the Bank Teller position as salaried and non-exempt.

14. IBC suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours per week without paying them premium overtime pay at a rate of not less than one and one-half times their regular rate of pay.

15. IBC operated a willful scheme to deprive its Bank Tellers of premium overtime pay at a rate of not less than one and one-half times their regular rate of pay.

16. For the September 16-30, 2012 pay period, IBC paid Plaintiff "Regular pay" of $666.04, "Straight Pay" of $7.69 an hour for 2.22 hours, "Overtime FLSA

Adjustment" pay of $21.18, "Perfect Mystery" pay of $25.00, and "Overtime FT (Fluc)" pay of $3.68 an hour for 7.02 overtime hours. *See Exhibit B*.

17. Although Plaintiff worked overtime in this pay period, IBC failed to pay him premium overtime pay at a rate of not less than one and one-half times his regular rate of pay, rather IBC used a rate of one-half times his regular rate, $3.68, for the 7.02 overtime hours worked, underpaying him by $53.98.

18. For the September 1-15, 2012 pay period, IBC paid Plaintiff "Regular pay" of $666.04, "Overtime FLSA Adjustment" pay of $11.82, and "Overtime FT (Fluc)" pay at $3.63 an hour for 8.83 overtime hours, underpaying him pay by $35.85. *See Exhibit C*.

19. In addition to Perfect Mystery compensation, Plaintiff and other similarly situated individuals received other monetary compensation called "Gotcha Cards."

20. Plaintiff did not receive a fixed salary that did not vary with the number of hours worked during the week.

21. A clear mutual understanding did not exist between IBC and Plaintiff that he would be paid a fixed salary regardless of the number of hours worked.

22. As a sophisticated employer, IBC was, or should have been aware that Plaintiff and the other similarly situated individuals performed work that required payment of premium overtime pay at a rate of not less than one and one-half times their regular rate of pay.

23. IBC's conduct was willful and not in good faith, and has caused significant damages to Plaintiff and the other similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff, individually and on behalf of all other similarly situated individuals, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

25. Plaintiff brings this action individually and on behalf of all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). The proposed collective is defined as follows:

> All persons who are or have been employed by IBC as Bank Tellers, or other job titles performing similar job duties, who did not receive premium overtime pay at a rate of not less than one and one-half times the regular rate of pay when they worked more than forty (40) hours in a week, at any time from three years prior to the filing of this Complaint and through the entry of final judgment (the "FLSA Collective).

26. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving premium overtime pay at a rate of not less than one and one-half times their regular rate of pay.

27. IBC willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, by routinely suffering or permitting Plaintiff and the FLSA Collective to work in excess of forty (40) hours in workweeks, and by failing to pay Plaintiff and the FLSA Collective premium overtime pay at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in these weeks.

28. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29. IBC is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective.

30. Upon information and belief, there are numerous other similarly situated current and former employees of IBC, who have been denied premium overtime pay in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. Those similarly situated employees are known to IBC and are readily identifiable through IBC's records.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*

31. Plaintiff, individually and on behalf of all other similarly situated individuals, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

32. IBC is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

33. Plaintiff and the FLSA Collective are, or were, employees of IBC within the meaning of the FLSA, 29 U.S.C. § 203(e), (g).

34. Plaintiff and the FLSA collective are non-exempt employees under the FLSA, and are entitled to its protections.

35. The FLSA, 29 U.S.C. § 207, requires covered employers to pay non-exempt employees premium overtime pay at a rate of not less than one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

36. IBC suffered or permitted Plaintiff and the FLSA Collective to work in excess of forty (40) hours per workweek without proper overtime pay at a rate of not less than one and one-half times their regular rate of pay.

37. IBC's actions, policies and practices described herein violated the FLSA's overtime pay provisions by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime pay rate for all overtime hours worked.

38. Upon information and belief, Plaintiff and the FLSA Collective have been subject to the same and uniform company-wide practice which operates to deny them proper overtime pay.

39. IBC knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the FLSA Collective proper overtime wages for all overtime hours worked.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the FLSA, 29 U.S.C. § 255(a).

41. As the direct and proximate result of IBC's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.

42. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime wages from three years immediately preceding the filing of this action, an equal amount in liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and § 255(a), and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

43. WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated individuals who join in this action, pray for the following relief:

a. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent to join forms pursuant to 29 U.S.C. § 216(b);

b. Judgment that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c. Judgment against IBC for violation of the overtime pay provisions of the FLSA;

d. Judgment that IBC acted willfully in violating the FLSA;

e. Judgment against IBC for an amount equal to Plaintiff's and the FLSA Collective's unpaid overtime wages owed at the applicable premium overtime rate calculated at one and one-half times the regular rate of pay and an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

f. For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

g. An award of pre- and post-judgment interest;

h. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

i. Leave to amend to add claims under applicable federal and state laws; and

j. For such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

44. A jury trial is demanded on all claims so triable in this action.

Respectfully submitted,

Dated: August 28, 2015

_____/S/_____
Rick Holstein
Federal I.D. No.  426800
State Bar No. 09915150
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 883-8649
Facsimile: (361) 883-3199
Email: rickholstein@mac.com

*Local Counsel for Plaintiffs*


G. Tony Atwal (MN Bar No. 0331636)*
Jacob R. Rusch (MN Bar No. 0391892)*
JOHNSON BECKER, PLLC
330 South Sixth Street, Suite 4530
Minneapolis, MN 55402
T: 612-436-1800
F: 612-436-1801
E: tatwal@johnsonbecker.com
    jrusch@johnsonbecker.com

Jason J. Thompson (MI Bar No. P47184)*
Jesse L. Young (MI Bar No. P72614)*
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
E:  jthompson@sommerspc.com
    jyoung@sommerspc.com

*Trial Counsel for Plaintiffs*

**motion for pro hac vice admission forthcoming*

9