## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARLOS REYNA, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. Action No.: 2:15-cv-00371 |
| v. | ) ) | JURY TRIAL DEMANDED |
| INTERNATIONAL BANK OF COMMERCE, | ) ) ) | |
| Defendant. | ) | |

_____

**PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION, STRIKE CLASS CLAIMS, AND STAY OR DISMISS PROCEEDING**
_____

## <u>INTRODUCTION</u>

Plaintiff Carlos Reyna ("Plaintiff"), individually and on behalf of all others similarly situated, filed this collective action lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., for unpaid overtime wages against Defendant International Bank of Commerce ("IBC"). (Doc. #1, Collective Action Complaint). In response, IBC filed a Motion to Dismiss or, In the Alternative, Motion to Compel Arbitration, Strike Class Claims, and Stay or Dismiss Proceedings. (Doc. #9, Motion to Dismiss). Plaintiff opposed the Motion to Dismiss, relying on the great weight of authority from this District and others, which provides that merits-based determinations of the validity and enforceability of a

1

purported arbitration agreement is inappropriate at first—notice—stage of FLSA litigation. (Doc. #12, Plaintiff's Response in Opposition).  Notably, pending before the Court is Plaintiff's Motion to Conditionally Certify Collective Action and for Court-Authorized Notice pursuant to the FLSA, 29 U.S.C. § 216(b).  (Doc. #14).

On December 14, 2015, after preliminary review, the Court issued an order converting the Motion to Dismiss to a motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56, and also permitted the parties to submit supplemental briefing.  (Doc. #15, Order Setting Hearing).

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The relevant factual and procedural background is provided in Plaintiff's Response in Opposition (Doc. #12) and Plaintiff's Motion to Conditionally Certify Collective Action and for Court-Authorized Notice pursuant to the FLSA, 29 U.S.C. § 216(b).  (Doc. #14).

## LEGAL STANDARDS

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Courts should favorably construe the allegations of the complaint and assume that the facts alleged in the complaint are true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  To avoid dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Montoya v. FedEx Ground package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting, *Iqbal*, 556 U.S. at 678).

A court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial or to "*resolve disputed fact issues*," instead, the court should assess whether the plaintiff's complaint is legally sufficient to state a claim for which relief may be granted. *McManaway v. KBR, Inc.*, 906 F. Supp. 2d 654, 660 (S.D. Tex. 2012) (emphasis added) (citing *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999)). Fifth Circuit precedent makes clear that motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

Summary judgment is only appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must consider the "affidavits, depositions, declarations, stipulations, and other documents presented to the Court in the light most favorable to the nonmovant." *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

## ARGUMENT

The issue presently before the Court is not the validity and enforceability of the purported arbitration agreement under the Federal Arbitration Act. Rather, at this first notice stage of the FLSA litigation, where discovery has not commenced, the issue is whether Plaintiff is similarly situated to putative class members such that Court-authorized notice may be sent to putative class members, who then may choose to become parties to

this collective action.  Merits-based determinations of the validity and enforceability of any purported arbitration agreement should be determined after completion of discovery and during the second—decertification—stage of this FLSA litigation.

**A.     Plaintiff's Motion For Conditional Class Certification And Court-Authorized Notice Motion Should Be Decided First.**

Courts have discretion in determining whether to conditionally certify a collective action under the FLSA, 29 U.S.C. § 216(b), and to authorize notice to similarly situated putative class members advising them of their right to join the collective action.  *Nieddu v. Lifetime Fitness, Inc.,* 977 F. Supp. 2d 686, 690 (S.D. Tex. 2013).  This determination is made on the "pleadings, and any accompanying affidavits and before the parties have conducted substantive discovery."  *Id.*  At this first notice stage of the litigation, "because discovery has not yet occurred, courts do not review the underlying merits of the action in decided whether to conditionally certify the class."  *Id.*  Instead, courts require only a minimal showing that (1) a reasonable basis for the plaintiff's allegations exist; (2) the aggrieved putative class members are similarly situated with regard to the claims and defenses asserted; and (3) that these individuals desire to opt-in to the collective.  *Id.*  For purposes of conditional class certification under 29 U.S.C. § 216 (b), similarly situated means putative class members who are affected by the same "policy, plan, pattern or practice" as the plaintiff.  *Id.* at 691.

Importantly, "[a] court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff and not from any generally applicable rule, policy, or practice."  *Id.* (citing *Tolentino v. C & J Spec-Rent*

4

*Servs., Inc.,* 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010); *McKnight v. D. Houston, Inc.,* 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010)).   Moreover, "[a] collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources.   The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Falcon v. Starbucks, Corp.*, 580 F. Supp. 2d 528, 533-34 (S.D. Tex. 2008) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).   The conditional certification and notice process also has the advantage of informing the original parties and the court of the number and identify of putative class members participating in the lawsuit, permitting an informed "analysis on the viability of the class and its representatives." *Villatoro v. Kim Son Restaurant*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003).

Recognizing the principles underlying conditional class certification, the Fifth Circuit and other jurisdictions do not consider merits-based arguments regarding the validity and enforceability of purported arbitration agreements until discovery is complete and the litigation has reached the second—decertification—stage. *See Green v. Plantation of Louisiana, LLC*, No. 2:10-0364, 2010 WL 5256348 at *1 (W.D. La. Dec. 15, 2010); *Ali v. Sugarland Petroleum*, No. 4:09-cv-0170, 2009 WL 5173508 at *4 (S.D. Tex. Dec. 22, 2009).   In *Villatoro,* the court aptly noted that arguments regarding the merits of the action and the *forum* in which the claims ultimately should be resolved have no bearing on whether notice under the FLSA to potential claimants should be given.   *Villatoro,* 286 F. Supp. 2d at 811.

5

Likewise, courts in other jurisdictions rule on conditional certification and notice *before* engaging in a merits-based determination of the validity and enforceability of an arbitration agreement. *See Bowman v. Doe Run Res. Corp.*, No. 4:13-cv-2519, 2014 WL 3579885, at *5 (E.D. Mo. July 21, 2014) (holding that court would consider motion to compel arbitration only *after* conditional certification and notice and potential class members have been determined); *see also Romero v. La Revise Assocs., LLC*, 968 F. Supp. 2d 639, 647-48 (S.D.N.Y. 2013)**;** *Hernandez v. Immortal Rise, Inc.*, No. 11-cv-4360, 2012 WL 6720734, at *2 (E.D.N.Y. Dec. 27, 2012); *Krstic v. J.R. Constracting & Environmental Consulting*, No. 09-2459, 2011 WL 1042732, at *7-8 (D.N.J. March 16, 2011); *Mowdy v. Benetor Bulk Transport*, No. C-06-05682, 2008 WL 901546, at *6 (N.D. Cal. March 31, 2008).

Here, Plaintiff's Motion for Conditional Class Certification and Court-Authorized Notice is pending before the Court. At this first stage of the FLSA litigation, discovery has not commenced and merits-based determinations are inappropriate, including determining the ultimate forum in which the claims asserted should be resolved. The only issue to be decided at this first notice stage is whether Plaintiff is similarly situated to putative class members such that Court-authorized notice should be sent to putative class members. And, as made clear in Plaintiff's Motion for Conditional Class Certification and Court-Authorized Notice (Doc. #14), Plaintiff is similarly situated to putative class members and notice should be authorized, because this collective action does not arise from circumstances purely personal to Plaintiff.

IBC's reliance on *Carter v. Countrywide Credit Industries, Inc.,* 362 F. 3d 294 (5th Cir. 2004), is inapposite to the facts and procedural posture presented here.  *See* IBC'S Reply (Doc. #13, pp. 2-3).  In *Carter,* the court decided the validity and enforceability of arbitration agreements, not a pending motion for conditional class certification under the FLSA, 29 U.S.C. § 216(b).  Here, however, pending before the Court is Plaintiff's conditional class certification motion, which is a separate issue than the validity and enforceability of any purported arbitration agreement and should be decided on-the-merits after discovery is complete. *See, e.g., Woods v. Club Cabaret, Inc.,* No. 1:15-cv-01213, 2015 WL 6444793 at *5, --- F. Supp. 3d --- (C.D. Ill. Sept. 28, 2015) (distinguishing *Carter* on the basis that purported arbitration agreements did not impact decision on conditional class certification).

    **B.**    **IBC's Motion to Dismiss/Compel Arbitration Should Be Decided After Discovery Is Complete, During Stage Two Decertification.**

Consistent with this great weight of authority, at the first stage of this FLSA litigation, the Court should hear and rule on Plaintiff's Motion for Conditional Class Certification and Court-Authorized Notice and determine the identities of the putative class members.  This will vindicate the underlying principles of the FLSA, including (1) allowing pooling of resources to lower individual opt-in plaintiff costs; (2) benefiting the judicial system by efficiently resolving in one proceeding common issues of law and fact; and (3) allowing the Court and the parties to be informed of the number and identities of putative class members participating in the lawsuit.  Notably, this will also avoid multiple lawsuits by putative opt-in plaintiffs asserting the same FLSA claims.

Thereafter, during the second—decertification—stage, following completion of discovery, the Court can make a merits-based determination on the validity and enforceability of any purported arbitration agreements that apply to participating class members.  Discovery will require addressing questions like, for example, whether (1) the arbitration agreements offend the remedial purposes of the FLSA; (2) class waivers in the arbitration agreements are enforceable; (3) the arbitration agreements abridge FLSA rights; (4) the arbitration agreements cover the claims raised in this lawsuit; and (5) any or all of the putative class members are subject to a valid arbitration agreement.  After discovery, if any purported arbitration agreements are found to be valid and enforceable against some class members, the Court could subdivide employees and compel arbitration for those who signed valid and enforceable agreements, while keeping claims of others in the collective suit.  This process is not only consistent with precedent from the Fifth Circuit and other jurisdictions, it is also consistent with the remedial nature of the FLSA.

## CONCLUSION

For the reasons stated herein and in Plaintiff's Response In Opposition to Defendant's Motion to Dismiss(Doc. #12), IBC's Motion to Dismiss (Doc. #9) should be denied in its entirety, and Plaintiff's individual and the collective action claims allowed to proceed.

Respectfully submitted,


Dated: January 4, 2016            /s/ G. Tony Atwal_____
                                  G. Tony Atwal (MN Bar No. 0331636)*
                                  Jacob R. Rusch (MN Bar No. 0391892)*

8

ATTORNEYS IN CHARGE
JOHNSON BECKER, PLLC
330 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
T: (612) 436-1800
F: (612) 436-1801
E: tatwal@johnsonbecker.com
   jrusch@johnsonbecker.com

*admitted pro hac vice*

Rick Holstein
LOCAL COUNSEL FOR PLAINTIFFS
Federal I.D. No. 426800
State Bar No. 09915150
819 North Upper Broadway
Corpus Christi, Texas 78401
T: (361) 883-8649
F: (361) 883-3199
E: rickholstein@mac.com

Jason J. Thompson (MI Bar No. P4184)
Jesse L. Young (MI Bar. No. P72614)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
T: (248) 355-0300
E: jthompson@sommerspc.com
   jyoung@sommersp.com

*Trial Counsel for Plaintiffs*